Battle, J.
 

 We approve the instruction given to the jury by his Honor, that the plaintiff was not entitled to recover.
 

 The engineer, who had the management of the defendant’s cars, did not know that the plaintiff’s slave was a deaf mute, in the absence of such knowledge, he had the right to presume that the slave had the ordinary faculties of hearing and sight, and that he was endowed with such an instinct of self-preservation, as would prompt him to leave the railroad track, and thus escape the danger of being knocked down and run over by the approaching cars; see
 
 Herring
 
 v.
 
 Wilmington and Raleigh Railroad Company,
 
 10 Ired. 402;
 
 Couch
 
 v. Jones, 4 Jones 402. Had the engineer omitted to give the ordinary signals for warning persons to leave the track of the road, it would have been deemed negligence, for which the the defendant might have been held responsible. But it appears from the testimony, that he did every thing to avoid the catastrophe which prudence or humanity could dictate, and his efforts proved vain only because the infirmity of the slave prevented his profiting by them. See
 
 Aycock
 
 v.
 
 Wilmington and Weldon Railroad Company,
 
 6 Jones, 231.
 

 Per Curiam,
 

 Judgment affirmed.